# EXHIBIT 1

*file*

*Final - signed*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>v.<br><br>FERRING B.V., FERRING PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,<br><br>                    Defendants. | Civil Action No. 05-cv-2237 (CLB) |
| ROCHESTER DRUG CO-OPERATIVE INC., on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>FERRING B.V., FERRING PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,<br><br>                    Defendants. | Civil Action No. 05-cv-2928 (CLB) |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>FERRING B.V., FERRING PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,<br><br>                    Defendants. | Civil Action No. 05-cv-2872 (CLB) |

78

Paul E. Slater
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 641-3200
Fax: (312) 641-6492

*Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.*

Bruce E. Gerstein
Noah Silverman
Anne Fornecker
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055
Fax: (212) 764-6620

Daniel Berger
David F. Sorensen
Eric L. Cramer
Neill W. Clark
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4671

Donald L. Bilgore
**BILGORE, REICH, LEVINE & KANTOR**
16 East Main Street, Suite 950
Rochester, New York 14614
Tel: (585) 262-4700
Fax: (585) 262-4118

Prof. Joshua P. Davis
**LAW OFFICES OF JOSHUA P. DAVIS**
2130 Fulton Street
San Francisco, CA 94117
Tel: (415) 422-6223

*Counsel for Plaintiffs Rochester Drug Co-operative, Inc.*

Bruce E. Gerstein
Noah Silverman
Anne Fornecker
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055
Fax: (212) 764-6620

John Gregory Odom
Stuart E. Des Roches
**ODOM & DES ROCHES, L.L.P.**
650 Poydras Street, Suite 2020
Poydras Center
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078

David P. Smith
**PERCY, SMITH & FOOTE, L.L.P.**
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480
Fax: (318) 487-1741

Daniel Berger
David F. Sorensen
Eric L. Cramer
Neill W. Clark
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4671

*Counsel for Plaintiffs Louisiana Wholesale Drug Company, Inc.*

3

## [PROPOSED] PRETRIAL ORDER NO. 1

WHEREAS, plaintiffs have filed Complaints (the "Complaints") in the above-referenced actions for alleged violations of the antitrust laws involving the tablet form of the drug DDAVP and its generic equivalents, pursuant to Section Two of the Sherman Act, 15 U.S.C. §2;

WHEREAS, defendants intend to deny such allegations; and

WHEREAS, plaintiffs and defendants believe consolidation of the Complaints will avoid unnecessary costs and promote the efficient conduct of proceedings therein;

NOW, THEREFORE, THE COURT ORDERS as follows:

### I.   CONSOLIDATION AND COORDINATION

1. The actions identified in the caption hereto are consolidated pursuant to Fed. R. Civ. P. 42 (a) for all purposes. Any subsequently filed case brought on behalf of a putative class of direct purchasers of DDAVP®, and that arises out of the same operative facts as the above-captioned actions, shall be consolidated with these actions and be subject to this Pretrial Order No. 1 (the "Order"). The current actions and those that may be consolidated with the current actions are collectively referred to as the "Consolidated Actions."

2. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

### II.   CAPTION OF CASES

3. Every pleading filed in the Consolidated Actions shall bear the following caption:

2

| | |
|---|---|
| IN RE: DDAVP DIRECT PURCHASER ANTITRUST LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) ) | ~~Docket~~ ~~Civil Action~~ No. 05 CV 2237 ✓ <br><br> Hon. Charles L. Brieant, U.S.D.J. |

4.   When a pleading or other court paper filed in the Consolidated Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended, or by the last name of the named plaintiff(s) and the docket number(s).

~~III.~~   **MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS**

5.   A Master Docket and a Master File are hereby established for the Consolidated Actions.

[Deleted ¶ 6 USDC] ~~6.   Documents shall bear the caption of the actions in which the authors intend the documents to be served and/or filed. Entries shall be made on the dockets, and copies of documents placed in the files, of those actions whose captions appear on the pleading or court paper.~~

7.   Separate dockets shall be maintained for each of the Consolidated Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

8.   When a pleading or other court paper is filed and the caption shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master

3

~~File and note such filing in the Master Docket. No further copies need to be filed or docket entries made.~~

*Deleted 9/8/05* ~~When a pleading or other court paper is filed and the caption shows that it is applicable to fewer than all actions that are Consolidated before this Court, the Clerk needs to file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.~~

## IV.   NEWLY FILED OR TRANSFERRED ACTIONS

10.   When a case that relates to the subject matter of the Consolidated Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

a.   Make an appropriate entry in the Master Docket;

b.   Place a copy of this Order in the separate file for such action;

c.   Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case, and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

d.   Mail a copy of the Order of assignment to Liaison Counsel designated in ¶ 14(a), and to counsel for defendants in the Consolidated Actions.

11.   This Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Actions. ✓

12.   This Order shall apply to each such case referenced in ¶ 1 unless a party objecting to the coordination or consolidation of such case or to provision of this Order shall, within fifteen (15) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application. ✓

4

## V. ORGANIZATION OF COUNSEL

13. The Consolidated Actions are listed in Schedule A attached hereto. Schedule A shall be amended to include any action brought on behalf of a putative class of direct purchasers of DDAVP® subsequently filed or transferred to this court.

14. The Court designates the following to act on behalf of all plaintiffs in the Consolidated Actions, with the responsibilities hereinafter described:

    a.    As Liaison Counsel:

> **COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.**
> Linda P. Nussbaum
> Sean K. McElligott
> 150 East 52nd Street 30th Floor
> New York, NY 10022
> Tel: (212) 838-7797
> Fax: (212) 838-7745

    b.    As Co-Lead Counsel:

> **COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.**
> Linda P. Nussbaum
> Sean K. McElligott
> 150 East 52nd Street 30th Floor
> New York, NY 10022
> Tel: (212) 838-7797
> Fax: (212) 838-7745
>
> **BERGER & MONTAGUE, P.C.**
> Daniel Berger
> David F. Sorensen
> Eric L. Cramer
> 1622 Locust Street
> Philadelphia, PA 19103
> Tel: (215) 875-3000
> Fax: (215) 875-4671

5

      **GARWIN GERSTEIN & FISHER, LLP**
      Bruce E. Gerstein
      Noah Silverman
      Anne Fornecker
      1501 Broadway, Suite 1416
      New York, NY 10036
      Tel: (212) 398-0055
      Fax: (212) 764-6620

15. Defendants' counsel of record are:

      William J. Baer
      Cathy Hoffman
      Barbara Wootton
      **ARNOLD & PORTER LLP**
      555 Twelfth Street, NW
      Washington, DC 20004-1206
      Tel: (202) 942-5000
      Fax: (202) 942-5999

      *Counsel for Ferring B.V. and Ferring Pharmaceuticals, Inc.*

      John M. Majoras
      Julie E. McEvoy
      Jennifer L. Shea
      **JONES DAY**
      51 Louisiana Avenue, N.W.
      Washington, D.C. 20001-2113
      Tel: 202.879.4645
      Fax: 202.626.1700

      *Counsel for Aventis Pharmaceuticals, Inc.*

16. Liaison Counsel in the Consolidated Actions are charged with performing, on behalf of all plaintiffs in the Consolidated Actions, administrative matters such as communications with clerical staff of the Court and with other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions.

17. To the extent reasonably practicable, the firms designated as Co-Lead Counsel shall make every reasonable effort to confer with each other and attempt to reach consensus prior to making material decisions on behalf of all plaintiffs in the Consolidated Actions.

18. Co-Lead Counsel in the Consolidated Actions shall have sole authority over the following matters on behalf of all plaintiffs in the Consolidated Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with defendants; and (h) other matters concerning the prosecution of their respective cases.

19. No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Actions except through the respective Co-Lead Counsel.

20. Co-Lead Counsel and Liaison Counsel in the Consolidated Actions, or their designees, shall have sole authority to communicate with Defendants' Counsel and the Court on behalf of all plaintiffs in the Consolidated Actions. Defendants' Counsel may rely on all agreements made with Co-Lead Counsel in the Consolidated Actions, and such agreements shall be binding on all counsel in the Consolidated Actions.

21. **Time Records**. All plaintiffs' counsel in the Consolidated Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel, or their designee, in their respective cases.

22.     **Admission of Attorneys.** Each attorney not a member of the bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings, provided that such counsel is a member in good standing of the bar of any state or of any federal district court. Liaison Counsel and counsel for Defendants shall provide the Court with a list of counsel for each party, identifying primary counsel and local counsel, if any, and the party such counsel represents.

## VI.    COORDINATION WITH INDIRECT PURCHASER PURCHASER ACTIONS

23.     Co-Lead Counsel and Liaison Counsel in the Consolidated Actions and plaintiffs' counsel in the Indirect Purchaser Class Actions (together, "Plaintiffs' Counsel" and the "Coordinated Actions") shall reasonably coordinate activities in the Coordinated Actions to the extent appropriate and practicable. That coordination shall include, to the extent appropriate and practicable, collaboration to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice. Nothing in this Order shall be construed to place limitations on the number of interrogatories or deposition notices any plaintiff may serve upon any other party beyond those imposed under the Federal Rules of Civil Procedure or any other applicable rule of Court concerning service of interrogatories or deposition notices. Plaintiffs in the Coordinated Actions shall make reasonable efforts to avoid duplicative interrogatories.

24.     Plaintiffs' Counsel and Defendants' Counsel of record shall coordinate in scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness (except for individuals designated as Rule 30(b)(6) witnesses and who may also have individual knowledge of the subject matter of the Coordinated Actions) to more than one deposition notice in the Coordinated Actions. Nothing in this Order should be construed to place limitations on the

ability of a party to examine a witness at a deposition beyond those imposed by the Federal Rules of Civil Procedure. All parties examining a witness at a deposition shall make reasonable efforts to avoid duplicative questioning.

25. Plaintiffs' Counsel shall be responsible for the substantive conduct of their own cases. However, Plaintiffs' Counsel shall confer among themselves to make all reasonable efforts to coordinate the procedural conduct of their cases with the conduct of all other Coordinated Actions, including the formulation of discovery requests, notices and the taking of depositions, pleadings, briefs and motion papers.

26. All counsel in the Coordinated Actions shall reasonably attempt to avoid duplication and inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

27. Notwithstanding the foregoing undertakings to coordinate activities in the Coordinated Actions, each party in each of the Coordinated Actions reserves its right to: (a) obtain the information to which it is entitled in its respective action by means of the Federal Rules of Civil Procedure; and (b) pursue the relief requested, or its defenses, in its respective action with diligence and dispatch even if the progress of one or more other Consolidated Actions, is delayed for reasons specific to those actions.

28. All discovery obtained by any plaintiff in any of the Coordinated Actions may be shared by that plaintiff and counsel with any other plaintiff and counsel in the Coordinated Actions. All discovery obtained by defendants in any of the Coordinated Actions shall be deemed discovered in each of the Coordinated Actions.

## VII.  FILING AND SERVICE OF DOCUMENTS

29.  **Orders.**  A copy of each order in any of the Consolidated Actions will be provided to Plaintiffs' Co-Lead and Liaison Counsel and to Defendants' Counsel.

30.  **Pleadings, Motions, and Other Documents.**  Any party to any action in the Consolidated Actions shall effect service of all papers on all parties in every Consolidated Action as follows: (a) Defendants' Counsel shall serve all papers upon the first-listed attorney for each Liaison Counsel and Co-Lead Counsel in the Consolidated Actions (unless another attorney for a party is designated to receive service for that party), and (b) counsel for any plaintiff in any of the Consolidated Actions shall serve all papers on Defendants' Counsel and on Plaintiffs' Co-Lead Counsel and Liaison Counsel in the Consolidated Actions.

31.  Filing and service of any document in the Consolidated Actions may be effected by transmitting a copy (for service) or the original (for filing) of the document by overnight courier for next-business-day delivery, by telecopier (for service only), or by hand delivery. Filing or service, as the case may be, shall be deemed effective on the date on which the document is sent (i.e., provided to the overnight courier even though delivery will not occur until the next business day), is telecopied (for service only), or is hand delivered.

32.  Notwithstanding any other provisions herein, the Parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court. Defendants' service of papers by ECF Procedures on each Co-Lead Counsel and Liaison Counsel constitutes service on Plaintiffs. Plaintiffs shall serve papers on Defendants by ECF Procedures. To the extent that ECF Procedures do not apply, the parties shall serve papers in the manner described above.

33.     Notwithstanding any other provisions herein, time shall be computed according to the Federal Rules of Civil Procedure and local rules of the United States District Court for the Southern District of New York.

## VIII.   PRESERVATION OF DOCUMENTS

34.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation. Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

## IX.    CONFIDENTIALITY ORDER

35.     Within thirty (30) days of the entry of this Order, the parties shall submit, by motion or stipulation, an order addressing the confidentiality of materials produced during discovery. If, within thirty (30) days of the date of this Order, the parties cannot agree upon the terms of such proposed order addressing the confidentiality of materials produced during discovery, within ten (10) days thereafter each party shall submit to the Court [~~United States Magistrate Judge~~] a proposed confidentiality order with a letter brief supporting their position with respect to those portions of the confidentiality order to which the parties cannot agree. Until this Court addresses any proposed confidentiality order, however, any documents produced by Defendants to Plaintiffs' counsel shall be treated as highly confidential, attorneys eyes only, and shall not be disclosed to any persons other than counsel for the Plaintiffs and their staffs, including attorneys,

11

paralegals, secretarial and clerical personnel, and experts, except where the prior consent of the producing Defendant's counsel is obtained.

## X.   FILING OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

36.   Until such time as this Court enters an order addressing the treatment of confidential documents or information in the Coordinated Actions, any document filed with the Clerk of this Court containing confidential information, or including as an attachment any confidential document, shall be filed under seal. Any document filed under seal pursuant to this paragraph shall be placed in a sealed envelope with a legend appearing on the outside of the envelope in bold and large type instructing the Clerk that the contents of the filed document are "CONFIDENTIAL" and that access to the filed document is forbidden without express written approval of this Court. After filing any document containing confidential material, the filing party may file with the Clerk a duplicate, unsealed copy of the document with the confidential materials redacted. This paragraph will be superseded by any subsequent order entered by the Court addressing the treatment of confidential documents produced during discovery in this action.

*No paper shall be filed under seal without prior consultation with the Court.*

## MODIFICATION

37. Any party may, for good cause shown, move for modification of any provision of this Order.

So Ordered:

SO ORDERED:

DATED: *April 4, 2005*
*White Plains, NY*

*Charles Brieant*
**UNITED STATES DISTRICT JUDGE** (ps)

13

## SCHEDULE A

*Meijer, Inc. v Ferring B.V.*, Docekt No. 05-2237 (CLB) (SDNY); filed on February 18, 2005

*Louisiana Wholesale Drug Company, Inc. v. Ferring, B.V.*, Docekt No. 05-2872 (CLB) (SDNY) filed on March 15, 2005

*Rochester Drug Co-Operative, Inc. v. Ferring B.V.*, Docket No. 05-2928 (CLB)(SDNY); filed on March 16, 2005

*Pennsulvania Employees Benefit Trust Fund v. Ferring B.V.*, Docket No. 05-2835 (CLB)(SDNY) filed on March 14, 2005

*Painters District Council No. 30 Health & Welfare Fund v. Ferring B.V.*, Docket No. 05-2987 (CLB)(SDNY) Filed March 18, 2005

*Philadelphia Federation of Teachers Health & Welfare Fund v. Ferring B.V.*, Docket No. 05-3178 (CLB)(SDNY) filed March 24, 2005