# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:  Buspirone Patent<br>Litigation | )<br>)<br>)<br>) |
| In re:  Buspirone Antitrust<br>Litigation | )<br>)<br>)<br>)<br>) |

MDL Docket No. 1410
This Document Relates To:
ALL CASES

**ORDER NO. 3**
**(Initial Case Management Order)**

Having considered the comments and proposals of the parties presented at the initial

conference held on October 9, 2001, the Court ORDERS:

1.      **Organization of Counsel.**

        A.      **Plaintiffs.** The actions listed on Schedule A, and all actions subsequently

filed in or transferred to this Court brought by one or more direct purchasers of BuSpar, shall be

collectively referred to as the "Direct Purchaser Cases". Those actions listed on Schedule B, and

all actions subsequently filed in or transferred to this Court brought by one or more consumers

and/or third-party payors of BuSpar, shall be collectively referred to as the "End-Payor Cases".

The actions listed on Schedule C, and all actions subsequently filed in or transferred to this Court

brought by or against one or more manufacturers of generic buspirone tablets, shall be

collectively referred to as the "Patent Infringement/Antitrust Generic Competitor Cases". The

Direct Purchasers, End-Payors and the Generic Competitors are referred to herein

interchangeably as Plaintiffs.

1.    The Court designates the following to act on behalf of all Plaintiffs in the Direct Purchaser Cases, with the responsibilities hereinafter described:

  (a)    As Liaison Counsel:

    Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
    1501 Broadway
    Suite 1416
    New York, NY 10036
    Telephone:(212) 398-0055
    Facsimile: (212) 764-6620

  (b)    As Co-Lead Counsel:

    Boies, Schiller & Flexner LLP
    26 South Main Street
    Hanover, NH 03755
    Telephone:(603) 643-9090
    Facsimile: (603) 643-9010

    Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
    1501 Broadway
    Suite 1416
    New York, NY 10036
    Telephone:(212) 398-0055
    Facsimile: (212) 764-6620

  (c)    As Additional Members of the Direct Purchaser Steering Committee:

    Berger & Montague, P.C.
    1622 Locust Street
    Philadelphia, PA 19103
    Telephone:(215) 875-3000
    Facsimile: (215) 875-4671

    Odom & Des Roches, LLP
    Suite 2020, Poydras Center
    650 Poydras Street
    New Orleans, LA 70130
    Telephone:(504) 522-0077
    Facsimile: (504) 522-0078

2.    The Court designates the following to act on behalf of all Plaintiffs in the End-Payor Cases, with the responsibilities hereinafter described:

2

(a)    As Liaison Counsel:

Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

(b)    As Co-Lead Counsel:

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20006-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Goodkind, Labaton, Rudoff & Sucharow
100 Park Avenue
New York, NY 10017-5563
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

(c)    As Additional Members of the End-Payor Steering
Committee:

Carey and Danis, L.L.C.
8182 Maryland Avenue
Suite 1400
St. Louis, MO 63105
Telephone: (314) 725-7700
Facsimile: (314) 721-0905

The Furth Firm
The Furth Building
201 Sansome Street
Suite 1000
San Francisco, CA 94104
Telephone: (415) 433-2070
Facsimile: (415) 982-2076

3

Gardner, Middlebrooks, Gibbons & Kittrell, P.C.
Suite 450, McAdory Building
2013 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 250-7776
Facsimile: (205) 250-7675

Miller Faucher and Cafferty, LLP
30 North LaSalle Street
Chicago, IL 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485

3.      Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs in their respective Direct Purchaser and End-Payor Cases: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendant; and (g) other matters concerning the prosecution of or resolution of their respective cases.

4.      No motion shall be initiated or filed on behalf of any Plaintiff in the Direct Purchaser Cases or the End-Payor Cases except through Co-Lead Counsel in those cases.

5.      Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of all Plaintiffs in their respective cases, except with respect to the Patent Infringement/Antitrust Generic Competitor Cases, unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

6.      Plaintiffs' counsel in each Patent Infringement/Antitrust Generic Competitor Case shall be responsible for the substantive conduct of his or her own case, including communications with Defendant's counsel and the Court. Counsel in the Patent

4

Infringement/Antitrust Generic Competitor Cases and Co-Lead Counsel in the Direct Purchaser and End-Payor Cases shall confer with each other to coordinate to the extent practicable the procedural conduct of their cases, including the production of documents by Defendant and the taking of depositions.

       7.    All discovery obtained by any Plaintiff in these cases may be shared with any other Plaintiff. All discovery obtained by Defendant in these cases shall be deemed discovered in each of these cases.

       8.    All counsel in these consolidated actions shall make best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action, or as to which there is a genuine and substantial disagreement among counsel.

      B.    **Time Records.** All Plaintiffs' counsel in the Direct and End-Payor Cases shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel in their respective cases.

    II.    **Service of Documents.**

      A.    **Orders.** A copy of each order will be provided to Plaintiffs' Liaison Counsel for distribution as appropriate to other counsel and parties and to counsel for each of the Generic Competitors. A copy shall also be provided to counsel for Defendant.

      B.    **Pleadings, Motions, and Other Documents.** The parties shall effect service of papers on Plaintiffs by serving a copy of the paper by overnight mail service, telecopy or hand delivery on each of the following: (a) Liaison Counsel in the Direct Purchaser Cases and End-Payor Cases, and (b) counsel in each of the Patent Infringement/Antitrust Generic Competitor Cases. Liaison Counsel shall effect service on all other Plaintiffs' counsel by first-class United States mail. Plaintiffs shall effect service of papers on Defendant by serving a copy of the paper by overnight mail service, telecopy or hand delivery on counsel for Defendant. This Court's Master Service List shall govern in all proceedings.

III.    **Refinement of Issues.**

A.    **Remand.** End-Payors seeking remand must file a consolidated remand motion by October 19, 2001.

B.    **Pleadings.** Plaintiffs shall file any amended or consolidated complaints by October 26, 2001. Defendant shall have until November 26, 2001, to file answers to the amended consolidated complaints, including any cross claims or counterclaims, or otherwise move.

C.    **Joinder.** Except for good cause shown, no additional parties may be joined as a plaintiff, defendant, or third-party defendant after December 15, 2001.

D.    **Summary Judgment.** Subject to further order of the Court, motions seeking summary judgment on all issues will be filed with supporting affidavits and briefs by no later than September 22, 2002. Opposing affidavits and briefs will be filed thirty (30) days after service, and any reply briefs fourteen (14) days after response. Notwithstanding the foregoing, issues relating to patent infringement claims and delisting claims may be presented to the Court on summary judgment or otherwise for early resolution.

E.    **Class Actions.** Plaintiffs will file their respective motions seeking class certification on January 31, 2002, identifying the classes for which certification is sought, detailing the facts on which satisfaction of the requirements of Fed. R. Civ. P. 23 is asserted, and describing what and how notice will be given to class members. Defendant will file any objections to class certification on February 22, 2002, specifying with particularity the factual and legal basis of its objection and identifying any fact on which an evidentiary dispute exists. Plaintiffs will file their class certification reply papers on March 18, 2002. The Court will conduct a hearing under Rule 23(c) as soon as practicable thereafter, at which time the parties may present extracts of depositions, responses to interrogatories, and documentary evidence relevant to any factual disputes. Only on a showing of good cause will a party be permitted to call a witness to testify in person at the hearing.

6

IV.    **Discovery.**

A.    **Schedule.** Discovery shall be conducted according to the schedule in Order No. 4 (Scheduling Order). All discovery shall be completed by August 26, 2002.

B.    **General Limitations.** All discovery requests and responses are subject to the requirements of Fed. R. Civ. P. 26(b)(1) and (2) and (g).

C.    **Confidentiality Order.** Any party who entered into a stipulation and protective order with Defendant in any action transferred to this Court under the Judicial Panel on Multidistrict Litigation's order of August 15, 2001 will continue to abide by the terms of such order. All parties will meet and confer with Defendant through their respective counsel and submit to this Court for its approval one master confidentiality order on or before October 18, 2001. If agreement cannot be reached by the parties, competing orders and/or provisions shall be submitted for the Court's determination.

D.    **Coordination.** Plaintiffs shall use their best efforts to coordinate their discovery requests. They shall confer before serving any requests, and they shall use their best efforts to eliminate duplicative or overlapping requests.

E.    **Documents.**

1.    **Preservation.** Each party shall preserve all documents and other records in accordance with ¶ 4(c) of Order No. 2 dated September 18, 2001.

2.    **Numbering System.** Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation.

3.    **Avoidance of Multiple Requests.** Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it at a document depository or from its own Liaison Counsel.

F.    **Interrogatories.** Counsel shall, to the extent possible, combine their interrogatories to any party into a single set of questions. No question shall be asked that has

7

already been answered in response to interrogatories filed by another party unless there is reason to believe that a different answer will be given.

G.     **Depositions.** To avoid duplicative depositions, all depositions shall be conducted by all interested parties, for all purposes, in all of the Direct Purchaser, End-Payor and Patent Infringement/Antitrust Generic Competitor Cases. Notice of such depositions shall be given to all parties as provided in this Order. Pursuant to Rule 30(a)(2)(B), no witness may be deposed more than once without leave of Court.

H.     **Special Agreements.** All parties shall be under a continuing duty to make prompt disclosure to the Court (and, unless excused by the Court for good cause shown, to other parties) of the existence and terms of all agreements and understandings, formal or informal, absolute or conditional, settling or limiting their rights or liabilities in this litigation. This obligation includes not only settlements, but also such matters as "loan receipt" and "Mary Carter" arrangements, and insurance, indemnification, contribution, and damage-sharing agreements.

V.     **Trial.** Subject to further order of the Court, the parties are directed to be ready for trial on all issues within sixty (60) days of the close of discovery.

VI.     **Next Conference.** The next pretrial conference is scheduled for November 16, 2001, at 4 p.m.

VII.     **Later Filed Cases.** The terms of this order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407).

8

VIII.    **Other Matters.**  The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of information among and between counsel for the Direct Purchasers, the End-Payors, and the Generic Competitors shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.

Dated: October ___15___, 2001.

                                        _____
                                        John G. Koeltl
                                        United States District Judge

9

## SCHEDULE A

<u>MDL-1413 – In re: Buspirone Antitrust Litigation</u>

*Louisiana Wholesale Drug Co., Inc. v. Bristol-Myers Squibb Co., Inc.*, 01-CV-7951

## SCHEDULE B

### MDL-1413 – In re: Buspirone Antitrust Litigation

*Citizen Action of New York, et al. v. Bristol-Myers Squibb Co.*, 01-CV-2943

*Altman v. Bristol-Myers Squibb Co.*, 01-CV-3367

*Gorelick v. Bristol-Myers Squibb Co.*, 01-CV-7941

*Wallace v. Bristol-Myers Squibb Co.*, 01-CV-7942

*Singer v. Bristol-Myers Squibb Co.*, 01-CV-7943

*Alderman v. Bristol-Myers Squibb Co.*, 01-CV-7944

*Harris v. Bristol-Myers Squibb Co.*, 01-CV-7945

*California Congress of Seniors, et al. v. Bristol-Myers Squibb Co.*, 01-CV-7946

*Weiss v. Bristol-Myers Squibb Co.*, 01-CV-7947

*Watson Pharma, Inc., et al. v. Bristol-Myers Squibb Co., Inc.*, 01-CV-7948

*HIP Health Plan of Florida, Inc. v. Bristol-Myers Squibb Co., Inc.*, 01-CV-7949

*Levine v. Bristol-Myers Squibb Co.*, 01-CV-7950

*Gray Panthers v. Bristol-Myers Squibb Co.*, 01-CV-7952

*Meyers, et al. v. Bristol-Myers Squibb Co., Inc.*, 01-CV-7953

*Seabrook, et al. v. Bristol-Myers Squibb Co.*, 01-CV-7954

*Sokoloff v. Bristol-Myers Squibb Co.*, 01-CV-7955

*Stover v. Bristol-Myers Squibb Co.*, 01-CV-7956

*Great Lakes Health Plan, Inc. v. Bristol-Myers Squibb Co.*, 01-CV-7957

*Gerstein v. Bristol-Myers Squibb Co.*, 01-CV-7958

*Brooks v. Bristol-Myers Squibb Co.*, 01-CV-7959

*Burns v. Bristol-Myers Squibb Co.*, 01-CV-7960

* *Allied Services Division Welfare Fund v. Bristol-Myers Squibb Co.*, 01-CV-329

* *Brin v. Bristol-Myers Squibb Co.*, 01-71706

* *Gibbs, et al. v. Bristol-Myers Squibb Co.*, 01-CV-862

* *Kuhn v. Bristol-Myers Squibb Co.*, 1:01-CV-01407

* *Lynch, et al. v. Bristol-Myers Squibb Co.*, 1:01-CV-01771

* *Mills v. Bristol-Myers Squibb Co.*, 1:01-CV-01622

* *Mechanical Contractors - UA Local 119 Welfare Plan, et al. v. Bristol-Myers Squibb Co.*, 01-CV-8888

* Potential Tag-Along Actions to MDL-1413        2

## SCHEDULE C

<u>MDL-1410 – In re: Buspirone Patent Litigation</u>

*Bristol-Myers Squibb Co. v. Danbury Pharmacal, Inc., et al.,* 01-CV-7914

*Bristol-Myers Squibb Co. v. Mylan Pharmaceuticals, Inc., et al.,* 01-CV-414

*Bristol-Myers Squibb Co. v. Mylan Technologies, Inc.,* 01-CV-7915

*Mylan Pharmaceuticals, Inc. v. Bristol-Myers Squibb Co.,* 01-CV-7916


<u>MDL-1413 – In re: Buspirone Antitrust Litigation</u>

\* *Par Pharmaceuticals v. Bristol-Myers Squibb Co.,* 1:01-CV-01471

⁎ Potential Tag-Along Action to MDL-1413