# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, Plaintiff, <br><br> v. <br><br> WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., Defendants. | Civil Action No. 1:05-CV-02257-CKK |

**PROPOSED JOINT PROTECTIVE ORDER
GOVERNING DISCOVERY MATERIAL**

To ensure that matters raised by these proceedings are open to the public, and also that confidential information submitted in connection with this matter, whether pursuant to compulsory process or voluntarily, is not improperly used or disclosed,

IT IS HEREBY ORDERED:

1. As used in this Order,

(a) "CONFIDENTIAL" shall refer to any document or portion thereof that contains competitively sensitive information, including, but not limited to, trade secrets or other confidential research, development, commercial or financial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and Section 6(f) of the Federal Trade Commission Act, and the cases so construing them, and in rules promulgated pursuant to or in implementation of them.

(b) "HIGHLY CONFIDENTIAL" shall refer to a subset of those documents containing CONFIDENTIAL information requiring heightened protection from disclosure, such as documents setting forth recent or current marketing plans; sales forecasts; business or operating plans; terms of contracts; pricing and cost data; price terms; analyses of pricing or competitive information; proprietary data and personnel information; and the like.

(c) "Document" shall include any recorded forms of information, whether in printed, electronic, or other format, including investigational hearing transcripts; deposition transcripts; answers to interrogatories; and other discovery requests.

(d) "Ovcon Litigation" shall refer to this action. Subject to the entry of a protective order in each of the following cases, Ovcon Litigation shall also refer to Case Numbers 1:05-cv-02179-CKK; 1:05-cv-02195-CKK; 1:05-cv-02182-CKK; 1:05-cv-02210-CKK; 1:05-cv-02321-CKK; 1:05-cv-02335-CKK; 1:05-cv-02459-CKK; and 1:05-cv-02327-CKK, pending before this Court.

2. Any document produced (or material containing information from a document produced) by a party or by a third party during the precomplaint investigation of this matter by the Federal Trade Commission or any plaintiff State or the District of Columbia shall be treated as HIGHLY CONFIDENTIAL for the purpose of this Order. If documents submitted during the precomplaint investigation of this matter before this Order was issued are requested and produced in discovery, the documents shall be treated as HIGHLY CONFIDENTIAL under this Order, unless either the original source of the document agrees or the Court orders otherwise. The identity of a third party submitting such documents shall also be treated as HIGHLY CONFIDENTIAL for the purposes of this Order if the submitter has requested such treatment;

provided, however, that the Commission or any plaintiff State or the District of Columbia shall provide outside counsel with a list of those persons who request or have requested HIGHLY CONFIDENTIAL treatment for their identities and whose HIGHLY CONFIDENTIAL materials are disclosed to counsel under this Order, and shall identify on that list the specific documents produced by each such person.

3. The parties, in conducting discovery from a third party, shall attach to such discovery requests a copy of this Order so as to apprise such third party of its rights herein.

4. A party or a third party, in complying with informal or formal discovery requests in the Ovcon Litigation, may designate documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL consistent with the terms of this Order. Documents may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing on or affixing to each page of the document containing such material (in such a manner as will not interfere with its legibility), the designation: (a) "CONFIDENTIAL – Ovcon Antitrust Litigation;" or (b) "HIGHLY CONFIDENTIAL – Ovcon Antitrust Litigation."

5. A deponent or its counsel may designate a deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the manner set forth in paragraph 4 by noting such on the record during the deposition or by serving on all parties a copy of the transcript containing the designations (or by identifying the relevant page and line numbers) within fourteen (14) days of the receipt of the official transcript. If a deponent or its counsel does not designate portions of the depositions CONFIDENTIAL or HIGHLY CONFIDENTIAL on the record or does not give notice within such fourteen (14) days, no portion of the deposition transcript shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The parties shall

treat the deposition transcript as HIGHLY CONFIDENTIAL until the fourteen day period has expired.

6. A designation of documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall constitute a representation to the Court by the party or third party and by its counsel, in good faith and after careful determination, that the document so designated is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined in this Order.

7. Subject to applicable law, documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not, directly or indirectly, be disclosed to anyone other than: (a) the named plaintiff, its corporate attorneys, employees and law clerks; (b) outside counsel of record in the Ovcon Litigation, their partners and associated attorneys and other employees of their law firm(s), provided that they are not an employee of a party in the Ovcon Litigation; (c) independent consultants or experts retained by outside counsel for the purpose of assisting them in the Ovcon Litigation, provided, however, that such person(s) are not presently employed by, nor have any present intention to be employed by, a party in the Ovcon Litigation or a competitor of a defendant; (d) current employees of the party producing the document and past employees who were employed by that party at the time the document was created or who had direct access to the document during the time of employment; (e) any author or recipient of a document (as indicated, for example, on the face of the document) and any individual who was in the direct chain of supervision of any author or recipient at the time the material was created or received; and (f) all judicial officers presiding in the Ovcon Litigation (including any subsequent appeals); other court personnel; translators; copy services; and database coding services retained by counsel.

8. Notwithstanding paragraph 7, an outside counsel may disclose to its designated in-house counsel or other client representative CONFIDENTIAL documents produced by another party or by a third party. Disclosure to an in-house counsel or client representative under this paragraph can only be made if the designated in-house counsel or client representative executes a declaration in the form attached as Exhibit A. For defendant Barr Pharmaceuticals, Inc., the designated in-house counsel are Frederick J. Killion and Shannon Klinger. For defendant Warner Chilcott Holdings Company III, Ltd., and the related companies, the designated in-house counsel are Izumi Hara and Michael Halstead. For plaintiff Rochester Drug Co-Operative, Inc., the designated in-house counsel and/or client representatives are Larry Dowd and Kevin Maier.

9. Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL documents to any person pursuant to this Order shall be only for the purposes of the Ovcon Litigation and any subsequent appeals and for no other purpose whatsoever. Each person to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL documents are disclosed pursuant to paragraph 7(c) of this Order shall, before receiving any confidential documents, be provided with a copy of this Order and execute a declaration in the form attached as Exhibit A that the person agrees to be bound by the terms of this Order. Counsel for the disclosing party shall retain such declarations during the course of the Ovcon Litigation.

10. (a) A party producing documents subject to this Order, on its own initiative or at the request of any party, may change the designation of individual documents from HIGHLY CONFIDENTIAL to CONFIDENTIAL, or may withdraw entirely the designation of documents as HIGHLY CONFIDENTIAL or CONFIDENTIAL.

(b) In the event that a person inadvertently fails to designate a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production, the person shall notify the parties to whom the document was produced and produce a new copy of the document stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL, as applicable. The inadvertent failure of a party or person to designate a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production, in itself, shall not be deemed a waiver of the protections afforded by this Order, so long as the party or person makes a timely request for designation or redesignation pursuant to this paragraph after discovery of the failure to designate the document as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(c) A party challenging the designation of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall give written notice to the person producing the document. The challenging party and the person producing a document shall try in good faith to resolve among themselves any disagreement regarding the designation of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL. If an impasse is reached, the party challenging the document designation may file with the Court a motion regarding the designation of the materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and the producing party may file a brief in opposition in support of the designation.

11. In the event that any material from a CONFIDENTIAL or HIGHLY CONFIDENTIAL document is contained in any pleading, motion, exhibit or other paper (collectively the "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such papers, and such papers shall be filed under seal. Papers incorporating CONFIDENTIAL or HIGHLY CONFIDENTIAL documents shall remain under seal until further order of this Court; provided, however, that such papers may be furnished to

persons or entities who may receive CONFIDENTIAL or HIGHLY CONFIDENTIAL documents pursuant to this Order. Further, if the designation of any such documents expires, is waived, or is changed by order of this Court, any party may file on the public record a duplicate copy that contains the formerly protected material.

12.   If counsel for a party plans to introduce into evidence at trial any document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL produced by another party or a third party, they shall provide advance notice to the other party or third party for the purposes of allowing that party to seek an order that the document be granted in camera treatment. Except where such an order is granted, all documents shall be part of the public record. If in camera treatment is granted, a duplicate copy of such document, with the CONFIDENTIAL or HIGHLY CONFIDENTIAL portions redacted therefrom, may be placed on the public record.

13.   At the time that a person retained to assist counsel in the preparation of this action concludes participation in the action, the person shall return to counsel all copies of documents or portions thereof designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that are in the possession of such person, together with all notes, memoranda or other materials containing information from those documents, or at counsel's option, certify the destruction of such documents, notes, memoranda and other materials. Unless otherwise required by law, at the conclusion of the Ovcon litigation, including any appeals, and at the option of the producing party, the parties shall return or certify the destruction of all documents obtained from other persons in these actions that were designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, other than trial transcripts and trial exhibits admitted into evidence (and, if destroyed, shall provide the producing party with an affidavit certifying their destruction).

14. Unless otherwise required by law, if any party has obtained CONFIDENTIAL or HIGHLY CONFIDENTIAL documents pursuant to this Order and, in the context of another court proceeding or investigation, receives a subpoena or other compulsory process commanding the production of such documents, that party shall promptly notify the person or entity that is asserting confidentiality of such documents at least fourteen (14) days before disclosure and shall object to its production pursuant to this Order. If any party receives a motion to compel production of CONFIDENTIAL or HIGHLY CONFIDENTIAL documents of any other person or entity, such party shall advise the person or entity which submitted such documents and shall advise the court in which such motion is made of the existence of this Order. If a court nonetheless orders the production of documents that are subject to this Order, then production of such documents pursuant to that court order shall not be deemed a violation of this Order. Nothing contained in this paragraph is intended to indicate that any other court order would have priority over this Order. Moreover, nothing contained herein shall waive any party's objection to the jurisdiction of the other court.

15. Documents responsive to a discovery request that contain work product, privileged material, or information that cannot be disclosed in litigation without a court order, shall be produced according to the terms of this paragraph. Such documents shall be produced by redacting the privileged portions of the document and indicating, on the copy of the document produced, the portions of the document that have been redacted, unless the document is privileged in its entirety, in which case it need not be produced at all. The party or third party asserting the privilege shall identify, in a log of privilege documents served with the redacted documents, a description of the redacted and/or withheld materials sufficient for the recipient and the Court to assess the grounds for redacting or withholding the documents. If the party seeking

discovery is unwilling to accept the material in the form provided, then that party may move to compel the production of the documents in an unredacted format on grounds that a privilege does not attach to the challenged material or that the privilege has been waived. If the Court subsequently grants a motion to compel, then the person producing the document may designate the unredacted material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

16.     Inadvertent production of a specific document produced in response to discovery requests in the Ovcon Litigation by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Document") will not, in itself, constitute a waiver of any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Document then in the custody of one or more parties, the possessing parties shall within five (5) business days return to the requesting party or non-party the Inadvertently Produced Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Document. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document. Nothing in this Order shall preclude a party from arguing that the production of the document was not inadvertent or that the privilege has otherwise been waived.

17. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege.

18. Nothing in this Order shall prohibit a party from disclosing publicly available information or information that was obtained from independent sources without confidentiality restrictions. Nothing in this Order shall prohibit a party from using or publicly disclosing its own CONFIDENTIAL or HIGHLY CONFIDENTIAL material, provided that such deliberate public disclosure of a document shall constitute the party's waiver of the designation of that document for its use by any party in the Ovcon Litigation.

19. Nothing herein shall create a presumption or implication that a party is entitled to the production of documents or materials by virtue of the existence of this Order, or prevent a party from seeking relief from the Court on discovery related matters.

20. The obligation to comply with this Order shall continue after the conclusion of the Ovcon Litigation, including any appeals.

ORDERED:

Dated: _____   _____

United States District Court Judge

EXHIBIT A

TO THE PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br>    Defendants. | Civil Action No. 1:05-CV-02257-CKK |

DECLARATION CONCERNING THE PROTECTIVE ORDER

  I, _____, hereby declare and certify the following to be true:

  1. [Statement of employment]

  2. I have read the "Protective Order Governing Discovery Material" (the "Order") issued by Judge _____ on _____, in connection with the above-captioned matter. I understand the restrictions on my access to and use of any HIGHLY CONFIDENTIAL or CONFIDENTIAL material (as these terms are used in the Order) and I agree to abide by the Order.

  3. I understand that the restrictions on my use of such HIGHLY CONFIDENTIAL or CONFIDENTIAL material include:

11

      a.    that I will use HIGHLY CONFIDENTIAL or CONFIDENTIAL material only for the purposes of the Ovcon Litigation and for no other purpose;

      b.    that I will not disclose such HIGHLY CONFIDENTIAL or CONFIDENTIAL material to anyone, except as permitted by the Order;

      c.    that I will use, store, and maintain the HIGHLY CONFIDENTIAL or CONFIDENTIAL material in such a way as to ensure its continued protected status; and

      d.    that upon the conclusion of my involvement in these proceedings, I will promptly return or certify the destruction of all HIGHLY CONFIDENTIAL material and CONFIDENTIAL material, and all notes, memoranda, or other materials containing HIGHLY CONFIDENTIAL or CONFIDENTIAL information, to Commission counsel, the States, or outside counsel, as requested and as appropriate.

4.    I am aware that, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, my failure to comply with the terms of the Protective Order may subject me to sanctions imposed by the Court.

_____          Date: _____
Full Name [Typed or Printed]

_____
Signature